## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO


SEREE SULLIVAN,

                    Plaintiff,

v.                                                        Civ.  No. 04-864 JH/DJS

AMERICA ONLINE, INC., and
the AOL COMPANIES,

                    Defendants.


### MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

This matter comes before the Court on two motions: *Defendants' Motion to Dismiss Counts I, II, III, V, and VI of Plaintiff's Complaint* [Doc. No. 2], and Plaintiff's *Motion to Amend Complaint* [Doc. No. 9].   After a careful review of the law, the pleadings, and the arguments of the parties, the Court concludes that the motion to dismiss should be granted, while the motion for leave to amend should be granted in part and denied in part as further explained herein.

### BACKGROUND

This case arises from Defendants' decision to terminate Plaintiff Seree Sullivan's ("Sullivan") employment as a supervisor at a customer call center in Albuquerque, New Mexico.  According to Sullivan's Complaint, which she filed in Bernalillo County state district court on June 29, 2004, she began working for Defendants in November of 1999, and was promoted to supervisor on September 24, 2004.  Complaint at ¶ 4-5.  On May 28, 2002, Defendants terminated her employment for unspecified "unprofessionalism," id. at ¶ 7, though Defendants never explained this charge to Sullivan. Id. at ¶ 8. Sullivan alleges that Defendants failed to fairly and properly investigate the events leading

to her termination and that their decision to fire her was based upon false allegations. Id. at ¶ ¶ 10-12. The Complaint asserts claims for wrongful termination, defamation, intentional infliction of emotional distress, breach of employment contract, prima facie tort, and punitive damages.

On July 30, 2004, the Defendants removed the case to this Court on the basis of diversity jurisdiction. Shortly thereafter, they moved to dismiss all of Sullivan's claims (except for breach of employment contract) for failure to state a claim. Sullivan then contemporaneously filed two documents: her response to the motion to dismiss, and her own motion for leave to amend her complaint, which apparently is a reaction to the arguments raised in Defendants' motion to dismiss. Sullivan attached to her motion for leave to amend a proposed First Amended Complaint, in which she added new allegations and deleted her separate cause of action for punitive damages.

## LEGAL STANDARDS

A motion to dismiss for failure to state a claim under Rule 12(b)(6) "admits all well-pleaded facts in the complaint as distinguished from conclusory allegations." *Elliott Indus. Ltd. Partnership v. BP America Production Co.*, 407 F.3d 1091, 1107 (10th Cir. 2005) (quoting *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976)). The Court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. However, this Court is "not bound by conclusory allegations, unwarranted inferences, or legal conclusions." *Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th Cir. 1994) (citations omitted). Dismissal is appropriate "where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dept. of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

The Federal Rules of Civil Procedure specifically address the amendment of a complaint, allowing a party to amend her complaint after twenty days have elapsed since the opposing party was

served "only by leave of court or by written consent of the adverse party," with such leave to be

"freely given when justice so requires." Fed. R. Civ. P. 15(a).   "Although Fed. R. Civ. P. 15(a)

provides that leave to amend shall be given freely, a district court may deny leave to amend where

amendment would be futile." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).   A

proposed amended complaint is futile if it would be subject to dismissal. *See Jefferson County Sch.

Dist. No. R-1v. Moody's Investor's Services, Inc.*, 175 F.3d 848, 859 (10th Cir. 1999).

The Court will address the pending motions with these principles in mind.

## DISCUSSION

### I.   WRONGFUL TERMINATION[1]

"New Mexico recognizes two exceptions to the doctrine of at-will employment: breach of

implied contract and retaliatory discharge." *Whittington v. State of New Mexico Dept. of Public

Safety*, 2004-NMCA-124 at ¶ 17, 136 N.M. 503.  Therefore, when an employment contract protects

an employee from wrongful discharge, that employee may not avail himself of the tort of retaliatory

discharge. *See Silva v. American Fed. of State, Cty., and Mun. Employees*, 2001-NMSC-038 at ¶

12, 131 N.M. 364.  It is not clear whether Sullivan contends that her employment contract was

express or implied.  Accordingly, the Court makes no finding on that issue and, for the moment,

views Sullivan's claims for breach of contract and retaliatory discharge in the alternative.

The New Mexico law governing the tort of retaliatory discharge is well developed.  New

Mexico has allowed employees to recover in tort when their discharge contravenes a "clear mandate

of public policy." *Vigil v. Arzola*, 102 N.M. 682, 688, 699 P.2d 613, 619 (Ct. App. 1983), *rev'd in

part on other grounds by* 101 N.M. 687, 687 P.2d 1038 (1984), *overruled in part on other grounds*

---

[1]This cause of action is also known as wrongful discharge or retaliatory discharge.

*by Chavez v. Manville Prods. Corp.*, 108 N.M. 643, 777 P.2d 371 (1989).  The basic burden on the

employee in such a case is to prove that she was discharged because she performed an act that public

policy has authorized or would encourage or that she refused to perform an act that public policy

would condemn.  *Id*. at 689, 699 P.2d at 620.  Later New Mexico cases have clarified the elements

of the cause of action to require the employee to prove that her actions were not "merely private or

proprietary," but rather were undertaken to "further the public good."  *Gutierrez v. Sundancer Indian*

*Jewelry, Inc*., 117 N.M. 41, 48, 868 P.2d 1266, 1273 (Ct. App. 1993) (citation omitted).  *See also*

*Garrity v. Overland Sheepskin Co. of Taos*, 1996-NMSC-032, ¶¶ 15- 16, 121 N.M. 710.  In addition,

the employee must prove that the employer was aware of his protected acts and discharged him, at

least in part, because of that conduct. *Weidler v. Big J Enters., Inc.*, 1998-NMCA-021, ¶¶ 25, 34-35,

124 N.M. 591; *Lihosit v. I & W, Inc*., 121 N.M. 455, 458, 913 P.2d 262, 265 (Ct. App. 1996).

Sullivan's Complaint asserts that Defendants failed to properly investigate the issues leading

to her termination, that her termination was based upon false allegations that she had no opportunity

to rebut, and that Defendants fired her without good cause.   Her complaint contains no allegations

to support an inference that Defendants discharged her because she performed an act that public

policy has authorized or would encourage in order to further the public good.   Similarly, the

Complaint contains no facts to support a claim that she was fired because she refused to perform an

act that public policy would condemn.   Finally, Sullivan's proposed First Amended Complaint

contains no allegations to correct this fatal omission.  Accordingly, amendment of this claim would

be futile, and it should be dismissed without leave to amend.

## II.   DEFAMATION

The sufficiency of a complaint alleging defamation under New Mexico law must be judged

under Fed. R. Civ. P. 8(a) instead of under New Mexico pleading standards. *See, e.g., Kelly v. Schmidberger*, 806 F.2d 44, 46 (2d Cir. 1986); *Caster v. Hennessey*, 781 F.2d 1569, 1570 (11th Cir. 1986). As Defendants correctly point out, the Tenth Circuit has observed that "in the context of a defamation claim, Fed. R. Civ. P. 8(a) requires that the complaint provide sufficient notice of the communications complained of to allow [a defendant] to defend itself." *McGeorge v. Continental Airlines, Inc.*, 871 F.2d 952, 955 (10th Cir. 1989).

The United States District Court for the District of Kansas has interpreted *McGeorge* to mean that a plaintiff's complaint must identify with specificity the allegedly defamatory statements, the persons who made the statements, and the persons to whom the statements were made, as well as set forth the time frame during which the statements were made so that the defendant may assess whether the statute of limitations has been satisfied. *Bushnell Corp. v. ITT Corp.*, 973 F. Supp. 1276, 1287 (D. Kan. 1997). In *Bushnell*, the court found that the plaintiff had failed to satisfy Rule 8(a) because although it had identified defamatory statements, it did not allege when the statements were made, who made the statements, or to whom they were made. *Id.* In reaching its decision, the U.S. District Court for the District of Kansas reasoned that "there is a significant exception to the general rule of liberally construing a complaint in applying rule 12(b)(6): when the complaint attempts to state a 'traditionally disfavored' cause of action, such as defamation, courts have construed the complaint by a stricter standard." *Bushnell Corp.*, 973 F. Supp. at 1287 (citing 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2d ed. 1990)). *Accord Lewis v. Herrman's Excavating, Inc.*, NO. 00-4036, 2000 WL 33407060, *4 (D. Kan. Nov. 02, 2000).

In addition, at least one judge in the District of New Mexico has applied similar reasoning. In *Schuler v. McGraw Hill*, Civ. No. 96-292 SC/RLP (D.N.M. Oct. 17, 1996) (unpublished slip. op.),

the defendant moved to dismiss the plaintiff's defamation claim, which was based upon the

publication of a magazine article.  In an unpublished slip opinion, Judge Santiago Campos cited

*McGeorge* and held that a plaintiff had failed to properly plead her claim for defamation where she

had identified when and to whom the alleged defamatory statements were made, but neglected to list

the specific statements contained in the article that she alleged were defamatory.  *Id.*

In light of the foregoing, the Court holds that in order to satisfy Rule 8(a) and to survive a

motion to dismiss, a plaintiff asserting a claim for defamation must identify the specific defamatory

statements, who made them, to whom they were made, and when they were made.  Sullivan's

Complaint fails to meet every aspect of this standard.  Therefore the issue becomes whether Sullivan's

proposed First Amended Complaint corrects these omissions, or if allowing the amendment would

be futile.  Sullivan's amended pleading contains the following allegations relating to her claim for

defamation:

> 24. When the Defendant decided to terminate the Plaintiff it relied on and made false statements to defame and injure the Plaintiff's reputation in the marketplace, so as to damage her prospects for suitable employment elsewhere.
>
> 25. Among the defamatory allegations was a false charge that she had tried to sleep with a co-worker and with another co-worker's husband, and Defendant allowed the circulation of these false and defamatory statements and facilitated them rather than attempting to negate them.
>
> 26. Defamatory statements that Plaintiff was unprofessional were circulated by Defendants.
>
> 27. The intent and effect of the slanderous, libelous, or defamatory statements regarding Plaintiff which were published by Defendant or its agents was that her reputation be diminished, and her ability to find proper employment reduced, in the community in which Plaintiff and Defendant operate, and with any prospective employer or other interested person or entity which might have provided employment to Plaintiff.

> 28.     None of the motives for libeling, slandering, or defaming the Plaintiff are
>         appropriate, and the statements published about the Plaintiff to subsequent
>         prospective employers and other [sic] were damaging to Plaintiff and to her
>         reputation, and were untrue.

These allegations are largely conclusory and do not satisfy the standard set forth above.  They contain

no concrete factual allegations as to who made the defamatory statements, to whom the statements

were made, or when they were made.  The only information that Sullivan has provided is the

substance of the defamatory statements themselves—that she had tried to sleep with a co-worker and

with another co-worker's husband.  Thus, allowing Sullivan to file her amended version of her

defamation claim would be futile, and her motion will be denied.  Further, Defendants' motion to

dismiss this claim will be granted.

## III.    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

In order to recover under a cause of action for intentional infliction of emotional distress

under New Mexico law, the plaintiff must show that the tortfeasor's conduct was extreme and

outrageous under the circumstances, that the tortfeasor acted intentionally or recklessly, and that as

a result of the conduct the claimant experienced severe emotional distress.  *Coates v. Wal-Mart*

*Stores, Inc.*, 127 N.M. 47, 57, 976 P.2d 999, 1009 (1999).

When considering the tort of intentional infliction of emotional distress, the New Mexico

Court of Appeals recognized that the judiciary must set the threshold of outrageousness high enough

so that the social good from recognizing the tort will not be outweighed by unseemly and invasive

litigation on meritless claims.  *Hakkila v. Hakkila*, 112 N.M. 172, 178, 812 P.2d 1320, 1326 (Ct.

App.) *cert. denied*, 112 N.M. 77, 811 P.2d 575 (1991).  New Mexico courts have held that liability

arises only where the conduct is so outrageous in character, and so extreme in degree, as to go

beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community. *Dominguez v. Stone*, 97 N.M. 211, 214, 638 P.2d 423, 427 (Ct. App. 1981); *Andrews v. Stallings*, 119 N.M. 478, 491, 892 P.2d 611, 624 (Ct. App. 1995).  Mere insults do not exceed the bounds of decency. *Andrews*, 119 N.M. at 491.  In addition, the emotional distress suffered by the plaintiff must have been reasonable and justified under the circumstances; there is no liability where the plaintiff suffered exaggerated and unreasonable distress, unless it results from a peculiar susceptibility of which the actor had knowledge. *Dominguez*, 97 N.M. at 215.  "By 'severe' we intend that 'a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances.'" *Jaynes v. Strong-Thorne Mortuary, Inc.*, 1998-NMSC-004 ¶ 20, 124 N.M. 613, 618 (1997).

In the case currently before the Court, Sullivan's Complaint contains the following allegations in support of her claim for intentional infliction of emotional distress: (1) Defendants terminated her employment for "unprofessionalism," (2) such charges of unprofessionalism were  based upon false accusations against Sullivan that are not described in the Complaint, (3) Defendants never explained the basis of the charges to Sullivan, (4) Defendants conducted two investigations into the events precipitating her dismissal, but failed to interview Sullivan or otherwise give her an opportunity to respond to the allegations, and (5) Sullivan experienced stress and anxiety that negatively affected her health and well being.

In evaluating whether these allegations are sufficient to support a claim under Rule 12(b)(6), it is helpful to review relevant precedent in which courts have evaluated the degree of outrageous conduct required to recover under a theory of intentional infliction of emotional distress.  In *Padwa v. Hadley*, 1999-NMCA-067 ¶¶ 9-23, 127 N.M. 416, a husband claimed  intentional infliction of

8

emotional distress against his friend, alleging that the friend initiated sexual relationships with three different women to whom he had strong emotional attachments (husband's former wife and mother of his child, husband's then-current wife, and husband's former fiancée), all for the purpose of causing husband harm and humiliation.  In *Newberry v. Allied Stores, Inc.*, 108 N.M. 424, 432, 773 P.2d 1231, 1239 (1989), plaintiff alleged  that his employer discharged him in a loud voice and shouted that he did not trust the plaintiff, who was working on a public sales floor at the time.  In *Steiber v. Journal Publishing Co.*, 120 N.M. 270, 273, 901 P.2d 201, 204 (Ct. App. 1995), a reporter alleged that newspaper failed to allow her to work on special projects, as promised, and failed to give her due credit for her work.  In each of these cases, the court found that the factual allegations did not describe conduct that was sufficiently extreme and outrageous in order to support a claim for intentional infliction of emotional distress.

In contrast, in *Phifer v. Herbert*, 115 N.M. 135, 848 P.2d 5 (Ct. App. 1993), *overruled on other grounds, Spectron Dev. Lab. v. Am. Hollow Boring Co.*, 123 N.M. 170, 936 P.2d 852 (Ct. App. 1997), the plaintiff alleged that her supervisor made explicit and implied sexual remarks and made improper overtures toward her which embarrassed, shamed, degraded her, and caused her mental anguish to the extent that she was forced to quit her job.  Similarly, in *Coates v. Wal-Mart Stores, Inc., supra*, another sexual harassment case, the New Mexico Supreme Court upheld a jury verdict awarding damages for intentional infliction of emotional distress.  Plaintiffs in that case produced evidence that a supervisor physically assaulted and verbally sexually harassed them on several occasions over a one-year period, that the store's management took no action when plaintiffs repeatedly complained about the harassment, and that plaintiffs were forced to quit their jobs as a result.  In *Jaynes v. Strong-Thorne Mortuary, Inc.*, 1998-NMSC-004 ¶¶ 19-20, 124 N.M. 613, the

9

court held that siblings who witnessed the burial of their brother were not entitled to recover for intentional infliction of emotional distress against the mortuary, which disturbed their mother's grave, thereby exposing her remains to view.  In each of these cases, the court found the alleged conduct to be sufficiently extreme and outrageous to support a claim for intentional infliction of emotional distress.

In *Stock v. Grantham*, 1998-NMCA-081, ¶ 35, 125 N.M. 564, 964 P.2d 125, the New Mexico Court of Appeals "recognize[d] that only in extreme circumstances can the act of firing an employee support a claim of intentional infliction of emotional distress."  The Court agrees, as termination of employment is a common occurrence that rarely rises to the level of being "beyond all possible bounds of decency" and "utterly intolerable in a civilized community."  Based upon an analysis of the foregoing legal authorities, the Court concludes that the events alleged in Sullivan's Complaint are not sufficient to state a claim for intentional infliction of emotional distress.  Rather, her allegations describe workplace unpleasantness not unlike that in *Newberry* and *Steiber*, but certainly do not shock the conscience like the horrible conduct described in *Phifer* and *Coates*.

Once again, the question becomes whether Sullivan's proposed First Amended Complaint corrects the defects contained in her Complaint such that she should be permitted to amend.  In her amended pleading, Sullivan adds the following allegations regarding her claim: (1) that she was the victim of false charges and rumors that she had tried to sleep with a co-worker and with another co-worker's husband, and (2) that Defendant refused to tell her if its two investigations dealt with those rumors or with other matters.  However, assuming that Sullivan will prove all of her allegations at trial, these additional allegations simply do not raise the events described to the level required to permit her claim for intentional infliction of emotional distress to go forward.  Sullivan's motion to

amend will be denied as futile, and her claim will be dismissed.

## IV.    PRIMA FACIE TORT

Sullivan asserts, as an alternative to her other causes of action, a claim for prima facie tort. "The theory underlying prima facie tort is that a party that intends to cause injury to another should be liable for that injury, if the conduct is generally culpable and not justifiable under the circumstances." *Schmitz v. Smentowski*, 109 N.M. 386, 394, 785 P.2d 726, 734 (1990) (citing *Restatement (Second) of Torts* § 870 (1977)).  The elements of a prima facie tort adopted by the New Mexico Supreme Court in *Schmitz* are: (1) an intentional, lawful act, (2) committed with the intent to injure the plaintiff, (3) causing injury to the plaintiff; and (4) the absence of justification for the injurious act. *See also Kitchell v. Public Serv. Co. of N.M.*, 1998-NMSC-051, ¶ 15, 126 N.M. 525.

Plaintiff contends that Defendants intended to cause her harm by terminating her employment. Defendants argue that this claim fails because Sullivan has failed to allege that they harmed her without justification, because Sullivan is using prima facie tort in order to avoid the more stringent pleading requirements of her other claims, and because the theory behind prima facie tort cannot be used to evade the doctrine of employment at will.[2]  In response, Sullivan argues summarily (without supporting authority or citations) that "prima facie tort is an alternative theory only, a catch-all that cures deficiencies in presentation, and it is always pled as an alternative."

The Court will address Defendants' final argument first.  Under the at-will doctrine, an employer may terminate an employee for any reason or no reason at all provided that there is no

---

[2] Defendants also argue that Sullivan may not plead prima facie tort as an alternative cause of action when the remainder of her Complaint alleges that Defendants actions were unlawful. However, Defendants cite no New Mexico authority for this undeveloped argument, and accordingly the Court will not address it here.

express contractual provision stating otherwise and that the discharge is not motivated by a legally

forbidden reason, such as racial discrimination. *Garrity v. Overland Sheepskin Co. of Taos*, 121 N.

M. 710, 917 P. 2d 1382 (1996). Therefore, Defendant essentially argues, Plaintiff cannot establish

prima facie tort because the requisite injury must be to a legally protected interest, and in New

Mexico Plaintiff has no legally protected interest in continued employment or in termination only for

just cause.

Federal courts sitting in New Mexico have interpreted state law in precisely this manner,

holding that prima facie tort is not a valid cause of action in a case alleging wrongful termination from

employment, because recognition of the tort in this context would completely undermine the at-will

doctrine.  *See, e.g., Hill v. Cray Research, Inc.*, 864 F. Supp. 1070 (D.N.M. 1991) (Burciaga, J.);

*Yeitrakis v. Schering-Plough Corp.*, 804 F. Supp. 238 (D.N.M. 1992) (Burciaga, J.); *EEOC v. MTS*

*Corp.*, 937 F. Supp. 1503, 1516 (D.N.M. 1996) (Hansen, J.); *Gioia v. Pinkerton's, Inc.*, 194 F. Supp.

2d 1207, 1222-23 (D.N.M. 2002) (Black, J.).  *See also Ewing v. State Farm Mut. Auto. Ins. Co.*, 6

F. Supp. 2d 1281, 1291 (D.N.M. 1998) (Kelly, J., sitting by designation) ("Although prima facie tort

can occur in a workplace setting, it is unlikely that it was meant to interfere with a company's

prerogative to select its employees . . .") (internal citations omitted).  In an unpublished decision, the

Tenth Circuit also held that New Mexico law does not recognize a claim for prima facie tort in

employment-at-will situations, specifically citing *Hill*, *Yeitrakis*, and *Ewing*.  *Cordova v. PNM Elec.*

*& Gas Servs.*, 72 Fed. Appx. 789, 793, 2003 WL 21758414 at *4 (10th Cir. July 31, 2003).

The thrust of New Mexico state court decisions is along the same lines. For example, in

*Schmitz v. Smentowski*, *supra*, the seminal New Mexico case on prima facie tort, the New Mexico

Supreme Court specifically adopted the Missouri courts' approach to the doctrine, finding it

analytically sound, and cited with approval a Missouri case holding that prima facie tort cannot be used to avoid the employment-at-will doctrine. *Schmitz*, 109 N.M. at 395, 398.  This Court finds the reasoning of these cases persuasive. Accordingly, there is no need to address Defendants' other arguments, and the Court will grant Defendants' motion to dismiss Sullivan's claim under the theory of prima facie tort.  Furthermore, because Sullivan's proposed First Amended Complaint does not cure the legal defect in her claim, she will not be permitted to amend.

## V.      PUNITIVE DAMAGES

Plaintiff's Complaint asserts a separate claim for punitive damages.  Defendants move to dismiss, arguing that under *Crawford v. Taylor*, 58 N.M. 340, 342-43 (1954) and *Sanchez v. Clayton*, 117 N.M. 761, 766 (1994), there is no separate cause of action for punitive damages.   Sullivan does not dispute this argument, but rather concedes the point in her response to the motion to dismiss, and eliminated the separate claim in her proposed Amended Complaint.  Accordingly, Count VI of Sullivan's Complaint will be dismissed with prejudice.

In accordance with the foregoing, **IT IS THEREFORE ORDERED** that:

(1)      *Defendants' Motion to Dismiss Counts I, II, III, V, and VI of Plaintiff's Complaint* [Doc. No. 2] is **GRANTED**, and Count I (retaliatory discharge), Count II (defamation), Count III (intentional infliction of emotional distress), and Count V (prima facie tort) are **DISMISSED WITHOUT PREJUDICE**, while Count VI (punitive damages) is **DISMISSED WITH PREJUDICE**;

(2)      Plaintiff's *Motion to Amend Complaint* [Doc. No. 9] is **DENIED IN PART** with regard to her claims for retaliatory discharge, defamation, intentional infliction of emotional distress, and prima facie tort, as the Court has determined that amendment of those claims would be

futile.

(3)     Plaintiff's *Motion to Amend Complaint* [Doc. No. 9] is **GRANTED IN PART** with regard

to her remaining cause of action, breach of contract, and if she so chooses Plaintiff may file

and amended complaint as to that cause of action no later than September 7, 2005.


_____
UNITED STATES DISTRICT JUDGE